IN THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK,

IN MAY TERM, 1826, IN THE FIFTIETH YEAR OF OUR INDE-
PENDENCE.

---

## Moody *against* Baker.

JUDGMENT being for the plaintiff, on the last day of last February term, the defendant's attorney sued out a writ of error; the defendant entered into the usual recognizance, with two sureties, conditioned to prosecute the writ of error, &c. before THROOP, C. Judge. On the 4th of April last, the defendant's attorney served this notice on the plaintiff's attorney; " Elijah Baker ads. Parnell Moody, &c. Sir, take notice that a writ of error has been duly filed, &c. and that a recognizance has been duly entered into, and acknowledged according to the form of the statute in such case made and provided, to be filed in the Supreme Court clerk's office, Albany."

The plaintiff's attorney disregarded this notice, and issued execution; which,

*P. C. Van Wyck* now moved to set aside, as irregular.

*J. Platt*, contra, objected that the notice was a nullity, in not naming the bail, and giving their addition and residence. He said the same form should be pursued in this, as in the ordinary case of special bail; for the defendant in

*Notice of bail in error must specify their names, additions, and places of residence.*

*They are liable to exception in the same manner as bail to the action.*

NEW YORK,
May, 1826.

Wood
v.
Bishop

error has the same right to except. (2 Dunl. Pr. 1138, 9. Tidd's Pr. 1087. Tidd's App. ch. 43, s. 15, p. 350. 6 Mod. 24. Tidd's Pr. 222, 3. 11 Mod. 2, case 9.)

*Van Wyck* denied ·that this was so as to bail in·error. He said it is necessary by the statute, (1 R. L. 143,) to put in bail by recognizance before the court which renders the judgment ; and which passes judicially, at the time, on the competency of the bail. This is conclusive ; and is always deemed so in practice. But,

*Per Curiam.* The defendant's notice was defective, in not setting forth the names, additions and places of residence of·the bail. The defendant in error may guard against their incompetency or insolvency, by excepting and compelling them to justify, in the same manner as the plaintiff may do in case of bail to the action. For this purpose, he must have notice who they are. The plaintiff has therefore, been regular ; but as the proceeding. to bring error, and put in bail, was in good faith, let the execution be set aside on payment of costs ; and the bail justifying in the usual way, if required.

Rule accordingly.